**United States Department of Justice**

*William Ihlenfeld*
*United States Attorney*
United States Attorney's Office
Northern District of West Virginia

April 12, 2022

John Brent Easton, Esq.
P.O. Box 267
Davis, WV 26260
(304) 441-5387
Via Email brent@brenteastonpllc.com

RE:  U.S. v. Jason Lamela Rodriguez
     Case No. 2:22 CR 3

Dear Mr. Easton, Esq:

May 11, 2022

The United States makes the following offer to your client, Jason Lamela Rodriguez (the defendant). To accept this offer, the defendant must return a signed copy of this agreement to the United States before ~~April 27, 2022~~. All references to the "Guidelines" refer to the guidelines established by the United States Sentencing Commission, effective November 1, 1987, as amended. It is agreed between the United States and the defendant as follows:

1.  The defendant will plead guilty to Possession with Intent to Distribute Cocaine—Aiding and Abetting, as charged in Count Three. The United States will move to dismiss the defendant from Counts One, Two, Four, and Five.

2.  The defendant's guilty plea will expose him to a maximum penalty of 20 years of imprisonment, a $1,000,000.00 fine, and at least 3 years of supervised release. Also, the defendant must pay a special mandatory assessment of $100.00 per felony conviction (18 U.S.C. § 3013) within 40 days of the defendant's guilty plea, by money order or certified check payable to the United States District

_____     05/06/22
Jason Lamela Rodriguez        Date
Defendant

_____     05/06/22
John Brent Easton, Esq.       Date
Defendant's Counsel

- 1 -

Court; and the court may require the defendant to pay the costs of the defendant's incarceration, supervision, and probation.

3. The defendant agrees to forfeit and abandon any right to property seized during this investigation (including any item subject to forfeiture). The defendant waives any right to seek the return of property pursuant to Federal Rule of Criminal Procedure 41 or otherwise. The defendant agrees that items seized during this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

4. The defendant will be completely forthright and truthful with regard to all inquiries made of him and will give signed, sworn statements and testify at a grand jury, trial, sentencing hearing, and any other proceeding. The defendant will agree to submit to a polygraph examination if requested to do so by the United States Attorney's Office for the Northern District of West Virginia.

   A. Nothing contained in any statement or any testimony given by the defendant pursuant to the above paragraph will be used against him as the basis for any subsequent prosecution; however, the defendant understands that the use-immunity granted in this agreement does not cover any statements or admissions by the defendant that he committed, or was directly involved in committing, a crime of violence. This means that such statements or admissions can be used against the defendant in any state or federal prosecution. In this regard, the defendant admits that prior to the proffer and pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1996), the defendant was adequately advised and warned that any admission that he committed, or was directly involved in committing, a crime of violence is not covered by the grant of use-immunity in this agreement. It is further understood that any information obtained from the defendant in compliance with this cooperation agreement will be made known to the sentencing court; however, pursuant to Guideline § 1B1.8, such information may not be used by the Court in determining the defendant's applicable guideline range.

   B. This agreement does not prevent the defendant from being prosecuted for any violations of other Federal and state laws he may have committed should evidence of any such violations be obtained from an independent legitimate source, separate and apart from that information and testimony being provided by him pursuant to this agreement.

   C. Nothing contained in this agreement shall prevent the United States from prosecuting the defendant for perjury or the giving of a false statement to a federal agent, if such a situation should occur by virtue of his fulfilling the conditions of this plea agreement.

_____  05/06/22
Jason Lamela Rodriguez      Date
Defendant

_____  05/06/22
John Brent Easton, Esq.     Date
Defendant's Counsel

- 2 -

5. There have been no representations whatsoever by any officer of the United States or other law enforcement agency, or by the defendant's counsel, as to what the defendant's sentence will be. However, the United States will make the following nonbinding sentencing recommendations pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). The court is not bound by these recommendations; and the defendant has no right to withdraw any guilty plea if the court does not follow them; to wit:

   A. If the United States Probation Office recommends a two-level reduction for "acceptance of responsibility" pursuant to Guideline § 3E1.1(a), then the United States will recommend the same two-level reduction if, in the opinion of the United States, the defendant accepts responsibility. The United States will recommend the additional one-level reduction in Guideline § 3E1.1(b) if applicable.

   B. The United States will recommend that the defendant be sentenced within the Guidelines.

6. The parties stipulate that the total drug relevant conduct is at least 3.5 kilograms ~~grams~~ but less than 5 kilograms of cocaine. The court is not bound by this stipulation and is not required to accept it; and if the court does not accept this stipulation, the defendant will not have the right to withdraw any guilty plea.

7. The parties agree to the following waivers of post-conviction rights:

   A. The defendant knowingly waives all rights pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision to appeal his conviction on any ground whatsoever. This includes a waiver of all rights to appeal the defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

   B. The defendant knowingly waives all rights pursuant to 18 U.S.C. § 3742 to appeal his sentence (including any fine, term or condition of supervised release, or restitution order) for any reason (including the establishment of the Guidelines, the defendant's criminal history determination, the weighing of the sentencing factors, and any constitutional challenge to the calculation and imposition of any term of imprisonment, fine, forfeiture or restitution order, and condition of supervised release).

   C. The defendant knowingly waives all rights to "collaterally" challenge his conviction or sentence in any post-conviction, or "habeas", proceeding brought under 28 U.S.C. § 2255 or any other statute or constitutional provision.

_____   05/06/22
Jason Lamela Rodriguez       Date
Defendant

_____   05/06/22
John Brent Easton, Esq.      Date
Defendant's Counsel

D. The United States waives its right to appeal the sentence if it is within the statute of conviction.

E. Notwithstanding the above waivers, if there is an appeal or post-conviction collateral challenge, both parties retain the right to argue in support of the sentence.

F. Notwithstanding the above waivers, the defendant is not barred from raising a post-conviction claim of ineffective assistance of counsel or prosecutorial misconduct. However, the defendant agrees that there is currently no known evidence of ineffective assistance of counsel or prosecutorial misconduct.

G. The defendant's post-conviction waivers are not intended to represent the defendant's opinion of what the appropriate sentence should be; and the defendant retains the right to argue for a sentence below the Guidelines.

8. The United States reserves the right to provide to the court and the United States Probation Office in connection with any presentence investigation pursuant to Federal Rule of Criminal Procedure 32(c), or in connection with the imposition of sentence absent a presentence investigation pursuant to Rule 32(c)(1), relevant information, including information regarding the defendant's background, criminal record, the offense charged in the Indictment and other pertinent data appearing at Rule 32(c)(2), as will enable the court to exercise its sentencing discretion. The United States also retains the right to respond to any questions raised by the court, to correct any inaccuracies or inadequacies in the anticipated presentence investigation report, and to respond to any written or oral statements made by the court, by the defendant, or the defendant's counsel.

9. The defendant agrees that all monetary penalties imposed by the court will be due and payable immediately and subject to immediate enforcement by the United States as provided in 18 U.S.C. § 3613. The defendant agrees to provide all requested financial information to the United States and the United States Probation Office, and to participate in a pre-sentencing debtor examination if requested by the United States. The defendant authorizes the United States Attorney's Office Financial Litigation Unit to access the defendant's credit report from any major credit reporting agency prior to sentencing in order to assess the defendant's financial condition for sentencing purposes. The defendant agrees to complete a financial statement under penalty of perjury, and to submit the financial statement on the date specified and in accordance with instructions provided by the United States. The defendant further agrees that any schedule of payments imposed by the court represents the defendant's minimal financial obligation and shall not constitute the only method available to the United States to enforce or collect any criminal monetary penalty judgment. If the defendant is sentenced to incarceration, the defendant agrees to

_____
Jason Lamela Rodriguez
Defendant

05/06/22
Date

_____
John Brent Easton, Esq.
Defendant's Counsel

05/06/22
Date

-4-

participate in the Federal Bureau of Prisons' Inmate Financial Responsibility Program, even if the court does not specifically direct participation. The defendant agrees that the United States, through the Financial Litigation Unit, may submit any unpaid criminal monetary penalty to the United States Treasury for offset in accordance with the Treasury Offset Program, regardless of the defendant's payment status or history at that time.

10. In order to pay any outstanding criminal monetary penalties, the defendant agrees to a voluntary garnishment of 25% of all nonexempt net disposable earnings from any employment, to be withheld from the defendant's wages, salary or commissions, without prior demand for payment under the Federal Debt Collection Procedures Act (28 U.S.C. § 3205). The defendant waives any applicable exceptions under the Consumer Credit Protection Act (15 U.S.C. § 1673).

11. The Guidelines are now advisory and no longer mandatory. The defendant understands that the sentencing court may impose a sentence below or above the Guidelines, so long as that sentence is reasonable and within the statutory maximum specified in the offense of conviction.

12. If the defendant's guilty plea(s) is not accepted by the court or later set aside, or if, in the opinion of the United States, the defendant breaches any part of this agreement or obstructs justice (as defined in Guideline § 3C1.1), then the United States will not be bound to make any sentencing recommendations and/or to void this agreement; and the defendant will not have the right to withdraw the defendant's guilty plea(s).

13. The above paragraphs constitute the entire agreement between the defendant and the United States in this matter. There are no agreements, understandings, or promises between the parties other than those contained in this Agreement.

Sincerely,

William Ihlenfeld
United States Attorney

By: ~~Stephen Warner~~ Christopher L. Bauer
Assistant United States Attorney

As evidenced by my signature at the bottom of every page of this letter agreement, I have read and understand the provisions of each paragraph herein and hereby fully approve of each provision.

_____
Jason Lamela Rodriguez
Defendant

05/06/22
Date

_____
John Brent Easton, Esq.
Defendant's Counsel

05/06/22
Date

- 5 -